Filed 3/26/21  P. v. Luckett CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>DANNY LUCKETT,<br><br>　　　Defendant and Appellant. | A158429<br><br>(San Mateo County<br>Super. Ct. Nos. 16-NF-005893-A,<br>16-SF-014333-A) |

Defendant Danny Luckett appealed after he entered pleas in two separate cases and was sentenced to prison.  His appellate attorney has asked the court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  We find no arguable issues and affirm.

In case No. 16-NF-005893-A, Luckett pleaded no contest in connection with crimes committed in August 2015 to one count of burglary of a motor vehicle (Pen. Code, § 460, subd. (b))[1] and admitted an allegation, which alleged that he suffered a prior strike conviction (§ 1170.12, subd. (c)(1)).  In case No. 16-NF-014333-A, in connection with crimes committed almost a year later, in June 2016, Luckett also pleaded no contest to felony burglary of a motor vehicle and admitted a second strike (§§ 460, subd. (b), 1170.12,

_____

[1] All statutory references are to the Penal Code.

1

subd. (c)(1)).  In that separate case he also admitted a special allegation, which alleged that he was ineligible for probation because of prior felony convictions (§ 1203, subd. (e)(4)), and he further pleaded no contest to one count of felony identity theft (§ 530.5, subd. (a)).

Before sentencing, Luckett filed a motion to strike a previous strike conviction under section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, as he was permitted to do under his plea agreement.  The motion addressed the fact Luckett also was alleged to have committed a burglary in San Francisco in June 2016 (around the time as the crime in case No. 16-SF-014333-A) as well as crimes in Sonoma County in September 2016.  He entered pleas in both cases and was sentenced to six years for the Sonoma County crimes and two years, eight months for the San Francisco crimes, to run concurrently with the Sonoma County sentence.  Luckett asked that his sentence in the San Mateo County proceedings also be ordered to run concurrently with his previous sentences.  The People opposed the motion.

The trial court denied the *Romero* motion in case No. 16-NF-014333-A.  It concluded that the fact all the crimes happened within a short time "would go against the philosophy of the *Romero* motion."  It then sentenced Luckett to one-third the midterm (eight months), doubled, for a total of 16 months on the burglary conviction, plus one-third the midterm (eight months), doubled, for a total of 16 months on the identity theft conviction.  Those terms were to be served consecutively, for a total term of confinement of two years, eight months.  The court also ordered various fines and fees.

The court then granted the *Romero* motion in case No. 16-NF-005893-A and sentenced Luckett to the midterm of two years, to run concurrently with the Sonoma matter, and the court imposed the same fines and fees as in No. 16-NF-014333-A.

The court has reviewed the entire record to determine whether there were any errors based on the sentence imposed or other grounds that arose after entry of the plea that do not affect its validity.  (Cal. Rules of Court, rule 8.304(b)(3).)  The trial court did not abuse its discretion when it denied Luckett's *Romero* motion.  The fines and fees it imposed were authorized.  We find no arguable issues.

The judgments are affirmed.

_____

Humes, P,J.


WE CONCUR:



_____

Margulies, J.



_____

Sanchez, J.


*People v. Luckett*  A158429